UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Piekarski,

        Plaintiff,                  Court File No. 16-cv-1752 (JRT/LIB)

    v.                               **REPORT AND RECOMMENDATION**

United States of America, et al.,

        Defendants.

      This matter came before the undersigned United States Magistrate Judge pursuant to an Order of Referral, [Docket No. 52], made in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), and upon Plaintiff's Motion for Partial Summary Judgment, [Docket No. 37], and Defendant the United States of America's ("the United States") Motion to Substitute the United States for Defendant DeSilva, to Dismiss DeSilva, and to Amend the Caption, [Docket No. 47]. The undersigned held a Hearing on the Motions on November 21, 2017, after which the Motions were taken under advisement. (See, Minute Entry, [Docket No. 61]).

      For the reasons set forth below, the undersigned recommends that the United States' Motion to Substitute the United States for Defendant DeSilva, to Dismiss DeSilva, and to Amend the Caption, [Docket No. 47], be **GRANTED in part and DENIED in part as moot**, and that Plaintiff's Motion for Partial Summary Judgment, [Docket No. 37], be **DENIED as moot.**

**I.    BACKGROUND AND STATEMENT OF RELEVANT ALLEGED FACTS**

      Plaintiff Michael Piekarski alleges that on or about August 1, 2013, he was driving a motorcycle in Minnesota, when Defendant Matthew DeSilva, who was at all relevant times a member of and employed by the United States Navy, negligently operated a pickup truck, causing it to collide with Plaintiff. (Compl., [Docket No. 1], 1-2). Plaintiff further alleges that he brought a claim to the Department of the Navy, Office of the Judge Advocate General, but that his claim was

denied on January 5, 2016. (Id. at 2). Thus, on May 27, 2016, Plaintiff initiated the present action in this Court, naming as Defendants DeSilva and the United States of America and alleging a claim under the Federal Tort Claims Act. (Id. at 1-2).

On July 24, 2017, Plaintiff filed the present Motion for Partial Summary Judgment, seeking an Order granting summary judgment in his favor on two issues: (1) whether Defendant DeSilva was acting within the course and scope of his employment with the United States Navy at the time of the collision, and (2) whether the United States is vicariously liable for Defendant DeSilva's actions under the Federal Tort Claims Act. (Motion for PSJ, [Docket No. 37]).

Neither Defendant filed a timely Response to Plaintiff's Motion for Partial Summary Judgment. However, on August 15, 2017, the United States filed a Certification pursuant to 28 U.S.C. § 2679(d)(1), in which the Acting United States Attorney for the District of Minnesota certified "that Matthew DeSilva was acting in the scope of his employment with the United States Navy, an agency of the United States of America, at the time of the conduct alleged in the complaint." (Certification, [Docket No. 43]).

On August 24, 2017, Plaintiff filed on CM/ECF a Letter addressed to Chief Judge John R. Tunheim of the United States District Court for the District of Minnesota, asking him to enter an order ruling on the Motion for Partial Summary Judgment. ([Docket No. 44]). Plaintiff represented that although the parties agreed that Defendant DeSilva was acting within the scope of his employment at the time of the collision, the parties could not agree on the second issue raised in his Motion for Partial Summary Judgment: whether the United States is vicariously liable for Defendant DeSilva's actions under the Federal Tort Claims Act. (Id. at 1).

On August 28, 2017, Defendant DeSilva also filed on CM/ECF a Letter addressed to Chief Judge Tunheim. ([Docket No. 45]). Defendant DeSilva asserted that under the Federal Tort Claims Act, Plaintiff's claim in this case is properly brought only against the United States and not against

2

Defendant DeSilva, and he asked "that as part of the United States' Certification regarding the scope of employment, any claims against Defendant Desilva is [sic] dismissed with prejudice." ([Docket No. 45]).

On August 29, 2017, the United States also filed on CM/ECF a Letter addressed to Chief Judge Tunheim. ([Docket No. 46]). Therein, the United States purported to present "its position with respect to the Plaintiff's Motion for Partial Summary Judgment." (Id. at 1). The United States informed the Court that it intended to file a motion to substitute itself for Defendant DeSilva and to dismiss the claims against Defendant DeSilva. (Id.). The United States further inaccurately asserted that Plaintiff's prior Motion for Partial Summary Judgment did not raise the issue of whether the United States was vicariously liable to Plaintiff, so any decision on the question would be premature. (Id. at 2).

The same day, the United States filed the "Motion to Substitute the United States for the Defendant DeSilva, to Dismiss DeSilva with Prejudice, and to Amend the Caption," [Docket No. 47], which is now before the Court, as well as a Memorandum in Support, [Docket No. 49]. Plaintiff filed his Memorandum in Opposition on September 13, 2017. ([Docket No. 54]). On September 14, 2017, Defendant DeSilva filed a Notice of No Reply with the Court, indicating that he does not intend to file memoranda responsive to either of the present Motions. ([Docket No. 56]). On September 27, 2017, the United States filed a Reply in Support of its Motion, in which it once again incorrectly asserts that Plaintiff did not request summary judgment on the issue of liability in his Motion for Partial Summary Judgment. ([Docket No. 60], 6).

Plaintiff's Motion for Partial Summary Judgment, [Docket No. 37], and the United States' Motion to Substitute, [Docket No. 47], were thereafter referred to the undersigned for Report and Recommendation. (See, Order of Referral, [Docket No. 52]). The undersigned held a Hearing on the

3

Motions on November 21, 2017, after which the Motions were taken under advisement. (Minute Entry, [Docket No. 61]).

## II.   THE UNITED STATES' MOTION TO SUBSTITUTE, TO DISMISS THE CLAIMS AGAINST DEFENDANT DESILVA, AND TO AMEND THE CAPTION, [Docket No. 47][1]

In its present Motion, the United States seeks to (1) substitute the United States for Defendant DeSilva, (2) obtain dismissal with prejudice of all claims against Defendant DeSilva, and (3) amend the caption to reflect DeSilva's dismissal. (Mem. in Supp., [Docket No. 49]). Although Plaintiff conditions his decision not to object to the United States' Motion on the Court's granting Plaintiff's Motion for Partial Summary Judgment, Plaintiff does not present any substantive grounds for opposing the United States' present Motion. (See, Mem. in Response, [Docket No. 54], 1-4).

### A. Standard of Review

> "'The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment.'" "Under the FTCA, the United States is liable, as a private person, for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment.'" The remedy provided by the FTCA for injuries resulting from the activities of [Federal] Government employees "is exclusive of any other civil action or proceeding for money damages." Employees of the federal government "may not be sued for torts they commit while acting within the scope of their employment." In addition, "[b]ecause a federal agency cannot be sued under the Federal Tort Claims Act, the United States is the proper defendant."

Stackhouse v. United States, No. 9-cv-839 (PJS/JSM), 2011 WL 820885, *23 (D. Minn. Feb. 11, 2011) (citations omitted).

28 U.S.C. § 2679 states:

---

[1] Because resolution of the United States' Motion to Substitution, to Dismiss Defendant DeSilva, and to Amend the Caption renders the issues raised in Plaintiff's Motion for Partial Summary Judgment moot, the Court addresses the United States' Motion first.

4

**(d)(1)** Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

### B. Analysis

As set forth immediately above, by operation of 28 U.S.C. § 2679, once the Attorney General certified[2] that Defendant DeSilva was acting within the scope of his employment at the time of the collision with the motorcycle driven by Plaintiff, the present action was "deemed an action against the United States . . . and the United States shall be substituted as the party defendant." With regard to the United States' request to substitute itself in place of Defendant DeSilva, such relief is technically unnecessary, as the United States is already a named Defendant in this action. (See, Compl., [Docket No. 1], 1). See, Burell v. Rossano, No. 3:13cv-877-J-39PDB, 2014 WL 7178012, *4 (M.D. Fla. Dec. 16, 2014) ("Technical 'substitution' of the United States as the named defendant is unnecessary because the United States is already a named defendant and the amended complaint alleges separate claims against it that are identical to the claims against [the named individual plaintiff]."). Rather, the proper relief is to dismiss Defendant DeSilva from the case, as he is no longer a proper Defendant to the action.[3] See, 28 U.S.C. § 2679 (stating that the United States is "the party defendant"); Stackhouse, 2011 WL 820885, at *23 ("Employees of the federal government 'may not be sued for torts they commit while acting within the scope of their employment.'"); see, also, Vandersteen v. Wessberg, No. 6-cv-2251 (JRT/JJG), 2007 WL 2572044, * (D. Minn. Aug. 31, 2007) (noting that if the individually named defendant had been named as a

---

[2] Although a Certification is not irrebuttable proof that Defendant DeSilva was within the scope of his employment at the relevant time, the Certification "is prima facie evidence that the employee's challenged conduct was within the scope of employ[ment]. Therefore, 'the burden of altering that status quo' is on the plaintiff, who must come forward with specific facts rebutting the government's scope-of-employment certification." See, Brown v. Armstrong, 949 F.2d 1007, 1012 (8th Cir. 1991). In the present case, Plaintiff has offered no such specific facts to rebut the Certification.

[3] The undersigned further notes, however, that as an employee of Defendant, United States, Mr. DeSilva will likely need to remain available for trial, discovery, etc., but the dismissal of Plaintiff's claim against him relieves him of the potential for personal liability for any negligence subsequently proven.

5

defendant in relation to the FTCA claims in the complaint, "the Court would grant his motion to dismiss because individuals cannot be liable under the FTCA").

The United States requests dismissal of the claims against Defendant DeSilva with prejudice, "because he has absolute statutory immunity" under the FTCA since the events underlying Plaintiff's claims occurred in the course and scope of his employment with the United States Navy. (Nov. 21, 2017, Motions Hearing, Digital Record, 1:44-45; Mem. in Supp., [Docket No. 49], 4). At the November 21, 2017, Motions Hearing, Plaintiff stated that he conditionally does not oppose dismissal of the claims against Defendant DeSilva, provided that the Court grant in full Plaintiff's request for partial summary judgment finding that Defendant DeSilva was acting in the course and scope of his employment with the United States Navy at the time of the events from which Plaintiff's claims arise, and therefore, that the United States is vicariously liable for any negligence by Defendant DeSilva with respect to those events. (Id. at 1:50-52). More specifically, Plaintiff expressed his concern to the Court that absent such a ruling, the United States may later withdraw its course-and-scope-of-employment Certification and thereby seek to avoid liability for any negligence by Defendant DeSilva which may be ultimately proven. (November 21, 2017, Motions Hearing, Digital Record, 1:38-43). In addition, if the United States attempts to withdraw the Certification, Plaintiff is concerned about his ability to renew claims against Defendant DeSilva if Defendant DeSilva is now dismissed from this case with prejudice. (Id.).

The regulation which addresses withdrawal of such a Certification states: "A certification under this section may be withdrawn if a further evaluation of the relevant facts or the consideration of new or additional evidence calls for such actions." 28 C.F.R. § 15.4(c).

With regards to the present case, there is no indication that the United States will attempt to withdraw its Certification. The initial Pretrial Scheduling Order, issued on October 3, 2016, specifically stated:

6

> The period during which the parties must conduct all discovery (whether fact or expert) regarding the issue of whether Defendant, Matthew DeSilva, was acting within the course and scope of his employment with Defendant, United States of America, at the time of the motor vehicle accident giving rise to this case shall terminate on February 15, 2017.

([Docket No. 14], 2). The initial Pretrial Scheduling Order further set forth that Plaintiff's disclosures regarding the course-and-scope-of-employment issue "shall be made on or before December 15, 2016," while Defendants' disclosures on the same issue "shall be made on or before January 15, 2017." (Id. at 5). On December 2, 2016, in accordance with a Joint Stipulation filed by the parties, the Court issued an Amended Pretrial Scheduling Order extending the close of discovery on the issue of the course and scope of employment to June 1, 2017; extending the deadline for Plaintiff's disclosures on the issue to March 1, 2017; and extending the deadline for Defendants' disclosures on the issue to April 15, 2017. ([Docket No. 33], 2, 4-5). The parties did not move for further extensions of these deadlines, which have now long since passed. In addition, counsel for the United States agreed at the November 21, 2017, Motions Hearing that the issue of whether Mr. DeSilva was acting in the course and scope of his employment at the relevant time should by now have been fully discovered. (Nov. 21, 2017, Motions Hearing, Digital Record, 1:45-47).

In addition, the United States represented on the record at the November 21, 2017, Motions Hearing that "there has been no evidence proffered to suggest that a contrary result [to the Certification] should happen." (Nov. 21, 2017, Motions Hearing, Digital Record, 1:43-44). Later in the Motions Hearing, the United States again reiterated that any litigation of the course-and-scope-of-employment issue is not the United States' intention and that counsel for the United States is "aware of no evidence right now that would suggest that we would deviate from that." (Id. at 1:45-46). Moreover, the United States conceded that the Certification could be considered the law of the case and it described the potential that it will withdraw the Certification as follows: "[B]ased on the evidence that I'm aware of now, that is an impossibility." (Id. at 1:48-49).

7

However, at times during the November 21, 2017, Motions Hearing, the United States also refused to commit fully to the position that it will not attempt to withdraw the Certification, noting that "[I]f something comes out of the wood work or some other jurisdictional issue . . . raises itself in defense of the government, we would proceed. . . . [Mr.] DeSilva's out of the case for all intents and purposes, unless and until there's some suggestion that Mr. DeSilva was not acting in the scope of his employment, and that hasn't been proffered." (Id. at 1:45-46). Despite the United States' equivocations, it is difficult for the undersigned to conceive of circumstances in which "new or additional evidence" will later justify withdrawal of the Certification.

In light of the United States' position and Plaintiff's concerns, the undersigned recommends dismissal of the claims against Defendant DeSilva without prejudice, which would allow for resubstitution of DeSilva as a Defendant in the very unlikely event that the United States subsequently withdraws the Certification. See, Burell, 2014 WL 7178012, at *4-5 (discussion and ultimate decision to dismiss claims against federal employee without prejudice in FTCA case considering possible need for later reinstatement of claims against individual if the United States withdraws certification); Becker v. Fannin Cty., Ga., No. 9-CV-47-RWS-SSC, 2012 WL 3113908, *7-10 (N.D. Ga. July 3, 2012) (allowing resubstitution of individual defendant after United States withdrew certification in FTCA case).

Finally, the United States seeks to amend the caption to reflect its status as the sole Defendant. (Motion, [Docket No. 47], 2). Although the termination of Defendant DeSilva's participation in this case will be clearly reflected by his dismissal as a party, for the sake of clarification, the undersigned sees no harm in an Order instructing the amendment of the case caption to delete Defendant DeSilva and hereafter reflect the United States as the sole Defendant.

For the reasons set forth above, the undersigned recommends **GRANTING in part** the United States' present Motion to Substitute the United States for the Defendant DeSilva, to Dismiss

DeSilva with Prejudice, and to Amend the Caption," [Docket No. 47], and dismissing the claims against Defendant DeSilva without prejudice and ordering that the case caption be amended to reflect the dismissal of Defendant DeSilva. The undersigned further recommends **DENYING in part as moot** the Motion to the extent that it requests the substitution of the United States for Defendant DeSilva.

### III. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, [Docket No. 37]

#### A. Standards of Review

> Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for the non-moving party. A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences to be drawn from those facts. Summary judgment is appropriate if the non[-]moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." "To defeat a motion for summary judgment, a party may not rest upon allegations, but must produce probative evidence sufficient to demonstrate a genuine issue [of material fact] for trial."

All Metro Glass, Inc. v. Tubelite, Inc., 227 F.3d 1007, 1013 (D. Minn. 2016).

#### B. Analysis

Plaintiff first seeks an entry of partial summary judgment finding that Defendant DeSilva was acting within the scope of his employment at the time of the collision. (Motion, [Docket No. 37], 1). As set forth above, the United States has certified that Defendant DeSilva "was acting in the scope of his employment with the United States Navy, an agency of the United States of America, at the time of the conduct alleged in the complaint." (Certification, [Docket No. 43]). In addition, this Certification, by operation of 28 U.S.C. § 2679, results in additional recommended judicial actions, such as the dismissal of Defendant DeSilva and the recognition of the United States as the sole proper Defendant to this action. Moreover, at the November 21, 2017, Motions Hearing, in light of its Certification, the United States conceded that on the evidence as it now stands, Mr.

DeSilva was within the course and scope of his employment with the United States Navy at all relevant times for purposes of the present case. (Nov. 21, 2017, Motions Hearing, Digital Record, 1:43-49). Therefore, on the record presently before the Court, whether Defendant DeSilva was within the scope of his employment with the United States Navy at the time of the events upon which Plaintiff's current claims are based has been resolved by the Certification and is no longer in dispute.

Similarly, the record currently before the Court due to the Certification also informs the resolution of the second issue in Plaintiff's Motion for Partial Summary Judgment:  whether the United States is vicariously liable under the Federal Tort Claims Act for Defendant DeSilva's actions, if those actions were negligent. (See, Motion, [Docket No. 37], 1). It appears from the pleadings before the Court and the oral arguments presented at the November 21, 2017, Motions Hearing, that the dispute over this issue stems from mutually unnecessary wordsmithing. Plaintiff argues that under the FTCA, the United States is "vicariously liable" for Defendant DeSilva's actions. (Motion, [Docket No. 37]; Mem. in Supp., [Docket No. 38], 3). The United States appears to take issue with the specific phrase "vicarious liability," arguing that it is not a question of whether the United States is "vicariously liable" for Defendant DeSilva's actions, but rather "whether the United States *acted* through Mr. DeSilva and is therefore the only suitable defendant in this lawsuit." (Reply, [Docket No. 60], 6 (emphasis in original)).

On this point, the parties are arguing over semantics, not substance.

On the record at the November 21, 2017, Motions Hearing, after pointed discussion with the Court, both parties ultimately agreed to the following:  to the extent that <u>anyone</u> or <u>any entity</u> may eventually be held liable for Defendant DeSilva's actions on the day in question, that entity is the United States and the United States alone. (November 21, 2017, Motions Hearing, Digital Record,

1:40-41, 1:46-48). This understanding is in accordance with the applicable governing law, which states:

> "Under the FTCA, the United States is liable, as a private person, for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment.'" The remedy provided by the FTCA for injuries resulting from the activities of [Federal] Government employees "is exclusive of any other civil action or proceeding for money damages."

Stackhouse, 2011 WL 820885, at *23 (citations omitted); See, also 28 U.S.C. § 2679(d)(1).

Thus, because the record currently before the Court includes the already addressed Certification by the United States that the events giving rise to the present claims occurred while Mr. DeSilva was acting in the scope of his employment with the United States Navy, the FTCA operates such that on the present record, the United States will be held liable for any negligence by Mr. DeSilva with regards to those events, if any such negligence is ultimately proven in this case. This is not a legal finding which the Court needs to make via summary judgment; rather, it is a liability status which will occur by operation of the FTCA if negligence and damages are ultimately proven.

Accordingly, the undersigned recommends that Plaintiff's Motion for Partial Summary Judgment, [Docket No. 37], be **DENIED** without prejudice[4] as moot.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

---

[4] If the United States subsequently seeks to withdraw the Certification, which would substantially alter the theories of liability applicable in the present case, Plaintiff may then challenge that withdrawal and seek an adjudication on the merits of the course-and-scope-of-employment issue. See, Becker, 2012 WL 3133908 (case addressing the United States' attempt to withdraw certification in FTCA case and the plaintiffs' objections to that withdrawal and reviewing whether the federal employees were, in fact, within the course and scope of their employment at the relevant times); Burell, 2014 WL 7178012, *5 ("[T]he Court, in its dismissal order, is not adjudicating the merits of whether [the federal employee] had been acting within the scope of his employment at the time of the accident but instead is responding—as directed by the [FTCA] and its implementing regulations—to the United States' certification. See, 28 U.S.C. § 2679(d)(2).").

1. The United States' Motion to Substitute the United States for the Defendant DeSilva, to Dismiss DeSilva with Prejudice, and to Amend the Caption, [Docket No. 47], be **GRANTED in part and DENIED in part as moot**, as set forth above; and

2. Plaintiff's Motion for Partial Summary Judgment, [Docket No. 37], be **DENIED as moot.**


Dated: December 19, 2017                    s/Leo I. Brisbois
                                            The Honorable Leo I. Brisbois
                                            United States Magistrate Judge


**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).